United States District Court
Southern District of Texas

**ENTERED**

March 27, 2026

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| CHIDI AMADI, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-02426 |
| | § | |
| | § | |
| versus | § | |
| | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| WARDEN MARTIN FRINK, | § | |
| *et al*, | § | |
| Respondents. | § | |

## ORDER

Petitioner Chidi Amadi filed a petition for writ of *habeas corpus* under 28 USC §2241 on March 26, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but asserts that his present detention lacks any statutory authority because "there is no active charging document initiating removal proceedings" against him. Id at ¶¶51–56. He further asserts that even if DHS issued a new charging document, his detention under §1225(b)(2) would nonetheless violate (i) Substantive Due Process, (ii) Procedural Due Process, and (iii) the Immigration and Nationality Act. Id at ¶¶57–68.

A district court entertaining an application for a writ of *habeas corpus* "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 USC §2243. A petition brought under 28 USC §2241 is thus "subject to summary dismissal if it appears from the face of the pleading that the petitioner is not entitled to relief." *Montgomery v United States*, 2016 WL 592846, *5 (WD Tex); see also *Salazar Quintanilla v Johnson,* 1:26-cv-00022-H (ND Tex, Jan 16, 2026)

(Hendrix, J) (dismissing petition raising issue of textual construction of 8 USC §§1225 and 1226).

The Fifth Circuit has now issued a controlling decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See id at 502–08. Such determination forecloses Petitioner's statutory arguments under the INA. See also *Herrera Avila v Bondi*, 2026 WL 819258 (8th Cir) (holding to same effect).

The undersigned previously resolved that and an array of closely related issues upon determination that the Government may properly apply 8 USC §1225(b)(2)(A) in circumstances similar to those of Petitioner. For example, see:

- o *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex): Finding that (i) the term "applicant for admission" is determinative, as it is broadly defined to include anyone "present in the United States who has not been admitted," (ii) application of §1225(b)(2)(A) doesn't render superfluous the amendment to §1226 by the Laken Riley Act, and (iii) no due process violation occurs where constitutional argument depends on rejected statutory interpretation of §§1225 and 1226.

- o *Herrera Naranjo v Uhls*, 2025 WL 3771447 (SD Tex): Rejecting contention that (i) the text of §1225(b)(2)(A) is ambiguous, with resort to other canons of statutory construction thus being unnecessary, (ii) the location of petitioner's arrest may itself violate due process or otherwise make detention unlawful, and (iii) prior work authorizations confer lawful status.

- o *Rodriguez-Hidalgo v Noem*, 4:25-cv-05730 (SD Tex, Jan 9, 2026): Rejecting arguments based on (i) bond regulations because statutory language prevails over putative conflicting regulations, (ii) due process because the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings, and (iii) eligibility for adjustment of status under the Cuban Adjustment Act because such is outside the scope of *habeas* jurisdiction.
- o *Garcia Tabon v Dickey*, 4:25-cv-06145 (SD Tex, Jan 22, 2026): Rejecting argument under Administrative Procedure Act where it depends on rejected statutory interpretation of §§1225 and 1226.
- o *Vargas Ordonez v Frink*, 4:25-cv-06386 (SD Tex, Jan 20, 2026): Rejecting argument under Fourth Amendment where it depends on rejected statutory interpretation of §§1225 and 1226.

As noted within the above citations, a claim under the Due Process Clause of the Fifth Amendment necessarily fails to the extent that it proceeds upon reliance of rejected statutory interpretation as to the applicability of §1226. For example, see *Montoya Cabanas*, 2025 WL 3171331 at *6–7; *Herrera Naranjo*, 2025 WL 3771447 at *2. Further, the Supreme Court has recognized that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Maceda Jimenez v Thompson*, 2025 WL 3265493, *1 (SD Tex), quoting *Demore v Kim*, 538 US 510, 523 (2003).

As also noted above, a claim under the Administrative Procedure Act likewise fails to the extent that it proceeds upon reliance of the same rejected statutory interpretation. Such claims are also foreclosed by 5 USC §704 given that adequate remedy exists through *habeas* relief. For

example, see *Garcia Tabon*, 4:25-cv-06145, Dkt 14 at 3; *Sanchez-Sanchez v Bondi*, 4:26-cv-00144, Dkt 7 at 2–3.

The undersigned has also determined a number of other issues before and since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- o *Sanchez-Sanchez*, 4:26-cv-00144 (SD Tex, Jan 30, 2026): Holding that the order purporting to certify a nationwide class in *Bautista v Santacruz*, 2025 WL 3713987 (CD Cal), exceeded the jurisdiction of the Central District of California and has no preclusive effect. See also *Calderon Lopez v Lyons*, 2025 WL 3683918 (ND Tex) (Hendrix, J) (detailing jurisdictional issues), and *Bautista v Department of Homeland Security*, 26-1044 (9th Cir), Dkt 5 (staying district court order as to any effect beyond Central District of California).

- o *Ruz Fuente v Noem*, 4:26-cv-00767 (SD Tex, Mar 20, 2026): Holding that prior temporary protected status did not constitute "admission" under the INA, and that order in *National TPS Alliance v Noem*, 2025 WL 3539156 (ND Cal), purporting to declare termination of that status for Venezuelan nationals unlawful violated stay by the Supreme Court and otherwise had no preclusive effect.

- o *Penafiel Clavijo v Thompson*, 4:26-cv-01454 (SD Tex, Mar 26, 2026): Holding that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention.

4

Such determinations dispose of most contentions in the petition, absent distinguishing facts or other legal authority that causes reconsideration. But they don't dispose of Petitioner's claims as to whether his detention lacks statutory authority because no active charging document is in place. See Dkt 1 at ¶¶51–56. Respondents will thus be ordered to show cause as to this claim only.

Respondents are thus ORDERED to show cause with a filing that establishes the propriety of Petitioner's continued detention **only as to his claim regarding the absence of an active charging document initiating removal proceedings against him.** Such filing must be made by April 2, 2026, absent extension.

Petitioner may file any response by April 8, 2026.

It is ORDERED that the Clerk will email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

SO ORDERED.

Signed on March 27, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge